CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

July 11, 2024

LAURA A. AUSTIN, CLERK
BY:
     s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY NUNLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv00702 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JOHNNY BILITER, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Gary Nunley, a former Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that he was subjected to cruel and unusual living conditions and denied adequate medical treatment, in violation of the Eighth Amendment. Four of the defendants, Nurse Hickman, Major Biliter, Trish McCoy,[1] and Officer Combs, have filed motions to dismiss,[2] and the matter is ripe for disposition as to those defendants. Having reviewed the pleadings, the court will grant the defendants' motions in part and deny them in part.

## I.

Nunley alleges that, while he was housed at the Southwest Virginia Regional Jail Authority's facility in Haysi, Virginia, between March 2023 to November 2023, he caught "staff-mersa"[3] four times and the "[a]dministration" did not sanitize pods or separate "people

---

[1] The pleadings do not indicate McCoy's title or position.

[2] The remaining two defendants, Nurses Coleman and Yates, filed an answer. (ECF No. 37.)

[3] It appears that Nunley is referring to Methicillin-resistant Staphylococcus aureus infection ("MRSA") which is "caused by a type of staph bacteria that's become resistant to many of the antibiotics used to treat ordinary

who were being treated for [MRSA]." (Am. Compl. at 2 & 4 [ECF No. 6].) He claims that he was given a "degreaser" to clean his cell even though defendant Nurse Yates told him that it had "no germicidal properties." (*Id.* at 4.)

Nunley claims that on July 14, 2023, he advised the medical department that he had a "huge abs[c]ess on [his] buttock." (*Id.*) He states that although he was told that antibiotics would be started, when two nurses subsequently "triaged" him in the shower stall, they reported that they did not see or feel an abscess and no antibiotics were prescribed. (*Id.*) Nunley disputes that he was "touched." (*Id.*) On July 16, 2023, Nunley was taken to the medical department "and treated for hem[orrh]oids and put on" the list to see the doctor. (*Id.* at 5.)

Nunley claims that on July 17, 2023, he met with Nurse Yates and she asked him if he was cleaning his cell and toilet. When he advised her that he was only given the "orange [degreaser] cleaner," she called defendant Major Biliter and, subsequently, Nunley's cell was cleaned with bleach. (*Id.*)

On July 18, 2023, Nunley was seen by a doctor and had "two ab[s]cesses lanced on [his] buttocks that were tearing into his an[u]s." (*Id.*) Nunley claims that the doctor said that Nunley should not be put into a medical cell "until it is sanitized," but defendant Officer Combs "laugh[ed]at [him] and put [him] strai[gh]t in a cell." (*Id.* at 6.) Nunley states that he was awoken the next morning by an officer and defendant Nurse Coleman because he "had passed out on the floor from pain." (*Id.*) Nunley claims that he told them that "needed to be

staph infections." Mayo Clinic, *MRSA infection*, https://www.mayoclinic.org/diseases-conditions/mrsa/symptoms-causes/syc-20375336 (last visited July 8, 2024).

seen and they walked off." (*Id.*) Nunley asserts that during the next shift, he again requested to be seen by medical staff. As a result, a nurse "came and saw another abs[c]ess," she called the doctor, and Nunley was taken to the local hospital to have another abscess lanced. (*Id.*) Nunley alleges that he is "still having trouble holding [his] bowels from the incision scarring." (*Id.*)

Defendants Hickman, Biliter, McCoy, and Combs have moved to dismiss Nunley's amended complaint as to the claims against them. (ECF Nos. 23 & 34.)

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao*

*v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

With regard to defendants Nurse Hickman and McCoy, Nunley's amended complaint fails to state a cognizable § 1983 claim against either defendant. Accordingly, the court will grant the defendants' motions to dismiss as to these defendants.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and

that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Nunley has not alleged sufficient facts for the court to determine that either Hickman or McCoy violated his federal rights. In fact, Nunley makes no mention of Hickman or McCoy in his amended complaint other than to name them as defendants in the caption of his case. Therefore, the court concludes that Nunley's amended complaint fails to state a cognizable § 1983 against these defendants.

## IV.

Nunley's amended complaint also fails to state a cognizable § 1983 claim against Major Biliter.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1991). The Constitution does not mandate comfortable prisons, but neither does it allow inhumane ones. *Id.*; *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and also must take reasonable measures to ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). "To make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotations and citations omitted).

Nunley alleges that, after Nurse Yates called Major Biliter about Nunley having inadequate supplies to clean his cell, Nunley's cell was cleaned with bleach. The court cannot

find from this allegation that Major Biliter acted with deliberate indifference toward Nunley's living conditions and, thus, the court concludes that Nunley's allegation fails to state a viable § 1983 claim against Major Biliter.

## V.

But Nunley has alleged a colorable § 1983 claim against Officer Combs.

"It is beyond debate that a 'prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment.'" *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (quoting *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)). To establish a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must put forth facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Sheldon v. C/O Pezley*, 49 F.3d 1312, 1316 (8th Cir. 1995). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (U.S. 1994). The defendant's disregard for the plaintiff's medical need must have been "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013).

To establish a claim for denial of medical care against non-medical personnel, an inmate must show that the non-medical personnel failed to promptly provide needed medical treatment, deliberately interfered with a jail's medical personnel's treatment, or tacitly authorized or were indifferent to the jail personnel's misconduct. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990).

Nunley alleges that, after being treated for two abscesses on his buttocks that were "tearing" into his anus, the doctor advised that Nunley should not be put into a medical cell until the cell had been sanitized. (Compl. at 5.) Nunley states that in response to the doctor's order, Officer Combs "laugh[ed]" and put Nunley "strai[gh]t in a cell." (*Id.* at 6.) Thereafter, Nunley developed another abscess and had to be transported to a local hospital for treatment. Accepting the factual allegations in the amended complaint as true and drawing all reasonable inferences in Nunley's favor, the court concludes that Nunley has sufficiently alleged a violation of the Eighth Amendment based on deliberate indifference to a serious medical need against  Officer Combs.

## VI.

In response to the defendants' motions to dismiss, Nunley filed multiple responses and asserts new allegations in them. (*See* ECF Nos. 26, 27-1, & 28.) A plaintiff's "complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Marsh v. Virginia Dep't of Transp.*, No. 6:14cv6, 2014 U.S. Dist. LEXIS 167333, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) (citing other, published cases). Upon consideration of Nunley's submissions, the court will

construe them as motions to amend. (ECF Nos. 26, 27-1, & 28.) But due to Nunley's attempts to construct his complaint piecemeal, the court will deny the motions to amend without prejudice and allow him the opportunity to file a single second amended complaint within 30 days. The second amended complaint must be a new pleading that stands by itself without reference to a complaint, attachments, documents, or amendments already filed. The second amended complaint must clearly state the name of each defendant and clearly explain how each defendant violated Nunley's federal rights. The second amended complaint must conform to the joinder rules and Rules 8 and 10, which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances. The second amended complaint shall replace all prior complaints and amendments and shall constitute the sole complaint in this action. If no second amended complaint is filed within 30 days, the court will proceed with this action based on the allegations in Nunley's amended complaint (ECF No. 6) against defendants Combs, Coleman, and Yates, and will not consider the allegations in his responses (ECF Nos. 26, 27-1, & 28).

## VI.

For the reasons stated, the court will grant the motion to dismiss of defendant Hickman and grant in part and deny in part the motion to dismiss of defendants Biliter, McCoy, and Combs. The court notes that this action remains pending against defendants Combs, Coleman, and Yates.

The Clerk shall send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 11th day of July, 2024.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE